

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PHILLIP DWAIN SMITH, §
§
    Petitioner, §
§
v. § No. 4:17-CV-723-A
§
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
    Respondent. §

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Phillip Dwain Smith, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as an unauthorized successive petition. No service has issued upon respondent.

I.  **Factual and Procedural History**

Petitioner continues to serve his 60- and 20-year sentences on his 2010 state convictions for continuous sexual abuse of a

child (one count), aggravated sexual assault of a child younger than 14 years of age (two counts), and indecency with a child (three counts). Petitioner has filed a prior federal habeas petition in this court challenging the same convictions. (Pet., Smith v. Stephens, No. 4:13-CV-257-Y, ECF No. 1.)

## II. Issues

In five grounds, petitioner raises the following claims:

- ➢ He is actually innocent (ground one);

- ➢ The indictment is void and the evidence was insufficient (ground two);

- ➢ He received effective assistance of counsel on appeal (grounds three and four); and

- ➢ A "Brain Fingerprinting" test would prove his actual innocence.

(Pet. 6-7,[1] ECF No. 1.)

## III. Successive Petition

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive § 2254 petition filed by, or on behalf of, a state prisoner unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or

---

[1] There are two page 7's in the petition.

otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). The crucial question in determining availability is whether petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction.

The claims raised in this case were or could have been raised in petitioner's earlier petition. Therefore, petitioner must obtain authorization to file the petition in this court from the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(1)-(3). Without such authorization, this court is without jurisdiction to consider the petition.[2] *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir.2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir.1999).

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice as an unauthorized successive petition. Petitioner has not made a showing that reasonable

---

[2]Because the court lacks jurisdiction, no ruling is made on petitioner's application to proceed in forma pauperis or his request for court-appointed counsel. (Appl., ECF No. 2; Mot., ECF No. 3.)

jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED September 6, 2017.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

4